UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| BRANDON DAVIS and CAROLYN DAVIS, Individually and as Next Friend of RYAN DAVIS, an incapacitated person,<br><br>Plaintiffs,<br><br>v.<br><br>CHRYSLER GROUP, LLC, a Delaware Corporation.<br><br>Defendant. | § § § § § § § § § § § § § | CAUSE NO. 6:12cv440 |

## PLAINTIFFS' ORIGINAL COMPLAINT

1. Plaintiffs bring the following claims against Defendant and respectfully state:

### PARTIES

2. Plaintiffs, Brandon Davis and Carolyn Davis, Individually and as Next Friend of Ryan Davis, an incapacitated person, reside at 2305 Carole St., Nacogdoches, TX 75965, at all relevant times are the natural parents of Ryan Davis.

3. Defendant, CHRYSLER GROUP, LLC, is a Delaware Corporation with its home office located at 1000 Chrysler Dr., Auburn Hills, MI 48326-2766. This Defendant has appointed a Registered Agent for service of process in Texas and can be served via CT Corporation System, 350 N. St. Paul St., Ste. 2900, Dallas, TX 75201.

### VENUE AND JURISDICTION

4. This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a) because this controversy is between citizens of different states. In addition, the amount in controversy is in excess of $75,000.00 U.S.

5.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a)(1) & (c), because Defendant is subject to personal jurisdiction in this district and is therefore "resident" of this district. Jurisdiction is proper because the amount in controversy exceeds the minimum jurisdictional limits of this Court.

## FACTS

6.     Plaintiffs own a 2005 Dodge Ram 1500, VIN 1D7HA16N75J515626 (subject vehicle). The subject vehicle was purchased in Nacogdoches, Texas from Malcolm Doan Autos.

7.     All Plaintiffs reside in Nacogdoches, Texas.

8.     On December 10, 2010, at approximately 1:28 a.m. Plaintiff Ryan Davis, age 21, was driving the subject vehicle on Seawolf Parkway in the city of Galveston in Galveston County, Texas when he lost control of the vehicle and it left the roadway.   Plaintiffs are not claiming the Defendants are responsible in any way for the vehicle leaving the roadway.

9.     Plaintiff Ryan Davis was wearing his seat belt during the accident and so were the two passengers in the vehicle at the time of the accident, Ms. Kathryn Kimbrough and Mr. Alexander Markle. Ms. Kimbrough and Mr. Markle survived the subject crash without life-threatening injuries.

10.     During the accident sequence, the driver's side door latch failed and the door opened, allowing Ryan Davis to be partially ejected.  As a result, Ryan Davis' head was outside the subject vehicle and was then crushed by the vehicle during the accident.  Mr. Davis suffered a serious head injury as a result.

## DESIGN DEFECT (CRASHWORTHINESS) CLAIM

11.     Plaintiffs adopt and reallege each paragraph above set forth above as if fully set forth herein.

12. The subject vehicle was designed and manufactured by the Chrysler. It was entirely foreseeable at the time the subject vehicle was designed that the vehicle would be involved in accidents. Moreover, it was entirely foreseeable that passengers could be injured or could have their injuries enhanced if the occupant compartment and the vehicle was not designed to adequately protect occupants in the event of a crash. It was well-understood by the Defendant that keeping the driver's door closed during a crash is vitally important to preventing injuries or enhancing injuries to the vehicle's driver.

13. The subject vehicle's driver's side door mechanism was unreasonably dangerous and negligently designed because it was unable to withstand foreseeable crash forces without allowing the door to open and expose the occupant to enhanced injury.

14. The defects alleged herein were a producing and/or proximate cause of the injuries alleged herein.

## DAMAGES FOR PLAINTIFF

15. Plaintiff, Ryan Davis has suffered physical impairment, incapacity, disfigurement, and disability in the past and in all reasonable likelihood will have extensive physical impairment, disfigurement, and disability in the future.

16. Plaintiff, Ryan Davis, has experienced physical pain and suffering in the past and in all reasonable probability will sustain physical pain and suffering in the future.

17. All Plaintiffs have suffered mental anguish, loss of companionship and society, love and affection, in the past and in all reasonable probability will sustain such damages in the future.

18. Plaintiffs have also suffered pecuniary loss, including loss of earning capacity, lost earnings, and medical expenses both in the past and will suffer such damages in the future.

## CLAIM FOR PREJUDGMENT AND POST-JUDGMENT INTEREST

19.     Plaintiffs herein claim interest in accordance with Texas Finance Code §304.001 *et seq.* and any other applicable law.

## JURY DEMAND

20.     Plaintiffs request that a jury be empaneled to try all fact issues in this case.

## PRAYER

21.     Plaintiffs pray that Defendant be cited to appear and answer herein and upon final hearing of this cause, Plaintiffs have judgment against Defendant for the damages described herein, for costs of suit, pre-judgment and post judgment interest as permitted by law, and for such other relief to which Plaintiffs may be justly entitled.

Respectfully submitted,

/s/Jeffrey T. Embry
Jeffrey T. Embry
State Bar No. 24002052
HOSSLEY &EMBRY, LLP
320 S. Broadway, Suite 100
Tyler, Texas 75702
Ph.   903-526-1772
Fax. 903-526-1773
ATTORNEY FOR PLAINTIFF